Dolores M. Hulick v. Commissioner.
Hulick v. Commissioner
Docket No. 4873-62.
United States Tax Court
T.C. Memo 1964-300; 1964 Tax Ct. Memo LEXIS 35; 23 T.C.M. (CCH) 1863; T.C.M. (RIA) 64300; November 19, 1964
*35 Dolores M. Hulick, pro se, 302 W. 79th St., New York, N. Y. Alan M. Stark, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: A deficiency has been determined by the Commissioner in the income tax of petitioner for the taxable year 1960 in the amount of $288.60. The sole issue is whether respondent has erred in disallowing as a deduction the amount of $600 taken as such by petitioner representing expenses for dependent's care in order that petitioner might be gainfully employed. Other issues raised have been settled by the parties and will be given effect under Rule 50. All of the facts have been stipulated either by written stipulation or orally upon the record herein and are found accordingly. Inasmuch as both parties agree that petitioner's original income tax return for 1960 was timely filed and contained the $600 deduction referred to in our opening paragraph, it is not necessary that respondent produce or offer the same in evidence. The only issue is one of law, i.e., was petitioner entitled to a $600 deduction representing the statutory limitation upon deduction of amounts spent for the support of a dependent in order that a taxpayer may be gainfully *36 employed under section 214(a), (b)(1)(A), (b)(2)(A), and (c)(3) of the Internal Revenue Code of 1954. [1]
It is agreed that taxpayer expended in excess of $600 in 1960 for the care of her *37 dependent child, Barbara Hulick, and that such expenditure was necessary in order that petitioner might be gainfully employed. The sole question remaining is whether petitioner, during 1960, was married to her husband and thus required to file a joint income tax return with him for that year in order to avail herself of the permitted deduction or whether she was legally separated from her husband under a decree of separate maintenance at the close of the year and thus relieved of the joint return requirement. Petitioner and her husband were married on August 13, 1958, and their daughter Barbara was born of the union. The husband deserted petitioner in January of 1959 and she has been unaware of his exact whereabouts since. Petitioner instituted proceedings in the Domestic Relations Branch of the Muncipal Court for the District of Columbia to obtain custody of Barbara and for her (Barbara's) support. On December 18, 1959, that court entered an order granting petitioner the temporary custody sought and requiring the husband to pay the sum of $30 for child support every two weeks. On May 11, 1960, the order both for custody and support was made permanent. During the year 1960 no application *38 for divorce or a decree of separate maintenance was made by petitioner or issued by any court. The orders above mentioned do not constitute such decrees, but relate solely to the desertion of petitioner by her husband, place custody of their child in petitioner, and require the husband to carry out his marital obligation of support. Petitioner concedes that she did not file a joint return with her husband for the taxable year 1960. Petitioner also concedes, at least in effect, that under section 214 of the 1954 Code as it existed in 1960 she does not qualify for the deduction there provided, but she contends that in equity she is nevertheless to be considered to have been unmarried in that year particularly in view of later amendment of that section under which she contends she would have been qualified. From the standpoint of equity, petitioner's plight is appealing, but this Court's powers are statutory only and permit of no such relief as petitioner requests. There can be no doubt on this record that petitioner was still married to her husband at the close of the year at issue and that she was not legally separated or divorced from him by the decree of any court. For this reason *39 she was required under the statute to have filed a joint return with her husband for the taxable year 1960 in order to qualify for the $600 deduction she now seeks. This she did not do and the failure of her attempted deduction must follow. We sustain respondent's determination of deficiency. Decision will be entered under Rule 50. Footnotes
1. SEC. 214. EXPENSES FOR CARE OF CERTAIN DEPENDENTS. (a) General Rule. - There shall be allowed as a deduction expenses paid during the taxable year by a taxpayer who is a woman or a widower for the care of one or more dependents (as defined in subsection (c)(1)), but only if such care is for the purpose of enabling the taxpayer to be gainfully employed. (b) Limitations. - (1) In general. - The deduction under subsection (a) - (A) shall not exceed $600 for any taxable year; and * * *
(2) Working wives. - In the case of a woman who is married, the deduction under subsection (a) - (A) shall not be allowed unless she files a joint return with her husband for the taxable year, and * * *
(c) Definitions. - For purposes of this section - * * *
(3) Determination of status. - A woman shall not be considered as married if she is legally separated from her spouse under a decree of divorce or of separate maintenance at the close of the taxable year.↩